# EXHIBIT A



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

Received by OCWEN LAW DEPARTMENT
OCT 24 2008
Initials:

LUIS IVAN POBLETE
Vs.
NEW CENTURY MORTGAGE CORPORATION

C.A. No. 2008 ~~CA 007307 R(RP)~~

## INITIAL ORDER AND ADDENDUM

ACCT # 0039414800

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MAURICE ROSS
Date: October 15, 2008
Initial Conference: 9:00 am, Friday, January 16, 2009
Location: Courtroom 415
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

**ADDENDUM TO INITIAL ORDER AFFECTING ALL MEDICAL MALPRACTICE CASES**

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

CA Form 1

# Superior Court of the District of Columbia

**CIVIL DIVISION**

**500 Indiana Avenue, N.W., Room JM-170**

**Washington, D.C. 20001 Telephone: 879-1133**

LUIS IVAN POBLETE
4130 16th ST NW
WASHINGTON DC 20011 *Plaintiff*

vs.

Civil Action No. 0007307-08

OCWEN LOAN SERVICING *Defendant*
P.O. BOX 785056
ORLANDO, FLORIDA 32878

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

WILLIAM B. BACH ESQ
[signature]
Name of Plaintiff's Attorney

*Clerk of the Court*

717 D ST. NW #400
Address

By [signature]
Deputy Clerk

WASHINGTON DC 20004

202 737 2930
Telephone

Date

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (624-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Luis Ivan Poblete *
4130 16th Street N.W.
Washington D.C. 20011-7004
Plaintiff,

0007307-08

Vs.

NEW CENTURY MORTGAGE CORPORATION * CA.
18400 VON KARMAN SUITE 1000
IRVINE, CA 92612

The Washington Finance Group, LLC *
(Century Finance Funding)
616 Emerson Street NW
Washington DC 20011

RED BOX SETTLEMENTS *
1612 U STREET NW
SUITE 405
WASHINGTON DC 20009

RECEIVED
Civil Clerk's Office
OCT 15 2008
Superior Court of the
District of Columbia
Washington, D.C.

AMERICAS SERVICING COMPANY (ASC) *
P.O. BOX 10388
DES MOINES, IA 50306
ACCT # 1100191361

OCWEN LOAN SERVICING *
P.O. BOX 785056
ORLANDO, FLORIDA 32878
ACCT 0039414800

COMPLAINT FOR FRAUD AND DISHONEST TRADE TRANSACTIONS AND FALSIFICATION OF LOAN DOCUMENTS

The Plaintiff, Luis Ivan Poblete (further referred to as Luis). The property in question is 340 Decatur Street NW Washington D.C. 20011. The court has jurisdiction in all issues presented in this law suit.

Suit is filed by William S. Bach, Esquire and avers the following facts in this case and declares them true. All defendants are jointly and severally liable

FACTS

1 This law suite involves a large mortgage scam that has spread in the Mid-Atlantic States which has bilked homeowners of billions of dollars of lost equity, and threatens these families with imminent foreclosure. Defendants did willfully participate; these so called real estate professionals, mortgagees, licensed mortgage brokers, realtors, title insurance companies, lawyers and settlement agents who orchestrated the whole scheme.

2 Hundreds of Maryland, Virginia and the District of Columbia families entered into refinancing and purchases of their homes were not fully advised as to the real terms of the mortgage. Interest, fees and terms were not as presented in the initial negotiations that were finally settled on.

3 This law suite was facilitated by real estate professionals whose sole motive was to enrich themselves and their extravagant lifestyles at the expense of hard working citizens of the District of Columbia.

4. In this case are systematic of the 2,000 plus cases in Prince Georges County and Washington metropolitan area.

Defendants by fraudulent and deceptive business practices jointly and severally used bait and switch tactics and made a loan that could not be paid by plaintiff.

Plaintiff, was to receive a market rate and did not get the rate as quoted by mortgage broker. The real estate professional reduced their liability and created a false transaction on paper which appeared to be legitimate but was actually an elaborate scheme to defraud homeowners.

Wall Street packaged the loans and put their approval on

them as good investments. The over seas banks and their depositors were

just as defrauded as to the quality of the loans. Loans were sold as triple A investments. European banks could not protect themselves or their depositors as they purchased billions of dollars in sub prime loans

5 The mortgage broker received the yield spread premium and acted with malice, intent, knowledge and other condition of mind are averred by Plaintiff

6 The negative impact for all homeowners in the District of Columbia as a result of this scam. Hundreds of homeowners will lose their homes and neighborhoods will lose millions in home values and impact the entire city.

CHARGE I. FRAUD

The defendant, NEW CENTURY MORTGAGE, AMERICA'S SERVICING COMPNAY (also know as ASC), OCWEN LOAN SERVICING, AND THE WASHINGTON FINANCE GROUP,LLC (Mortgage broker). Negotiated a loan without checking the income of LUIS, Luis was not a qualified buyer and the interest only loan was tailored to make it possible to just close it. Mortgagee knowingly and intentionally made fraudulent representations and

misrepresentations and omissions of material facts in order to induce Plaintiff to enter the transaction. Plaintiff reasonably relied on the representation in executing the subject loan transaction.

Defendants carried out a systematic scheme that affected MINORITIES and individuals who lacked the full knowledge of real estate fees and true cash flow expectations. Luis was set up for a default from day one. Defendant NEW CENTURY MORTGAGE, AMERICAS SERVICING COMPNAY, OCWEN LOAN SERVICING would arrange for mortgages substantially more then the value of the property. Luis's loans were $340000.00 first loan and a second deed of trust in the amount of $85000.00 this was and 80% first trust with a 20% second trust to an unqualified buyer and outrageous fees and charges were gorged from the borrower. The certification of income was false ($34485.39) or ($413824.00) per year and was never substantiated by any of the defendants.

RED BOX SETTLEMENTS charged double fees for title insurance. Fees paid to the mortgage broker were $10383.43 in additions fee paid by the bank for the increase in interest on both loans. Mortgage broker worked both sides of the loan transaction. Mortgage broker was not licensed to do business in Washington D.C.

Plaintiff is in possession of the property and has continued to improve the property. Plaintiff has suffered substantial economic harm including but not limited to possible lost of his property. The interest rates were not competitive but unreasonable. The finance scam orchestrated by the defendants jointly and severally, created conspiracy which they all benefited; including the lawyers and brokers who received finder's fees.

This case is about a well organized and far reaching foreclosure scheme designed by the defendants jointly. The loans were improperly, unfairly and illegally made and all were enriched by willful, systematic and taking illegal advantage of plaintiff.

The foreclosure reversal program was a criminal conspiracy which was made up of an association consisting of the individual defendants in this case. The defendants have engaged in will full, systematic and widespread violations of the Federal Racketeer influenced and corrupt organizations act (RICO). The Real Estate Settlements Procedures Act(RESPA). Rico provides protection against patterns of racketeering, which consist of the repeated violations of predicate acts which are criminal in nature including mail fraud and wire fraud.

RESPA is a consumer protection statue that regulates the settlement procedures in real estate transaction, which requires the consumers, both

buyers and sellers receive full disclosure at various times in the transaction, and which outlaws kickbacks or unearned fees as in this case and the true at the settlement table. Selected Plaintiff re allege and incorporate by reference the for going allegations. NEW CENTURY MORTGAGE CORP., AMERICA'S SERVICING COMPANY (ASC), OCWEN LOAN SERVICING, RED BOX SETTLEMENTS AND THE WASHINGTON FINANCE GROUP had a duty to protect Plaintiff and should have exercised due diligence but were captivated by the profits in the transaction they were to monitor and never inquired as to the obvious fees paid and who the real party would suffer. Brokers worked both sides of the loan and represented the mortgagee by setting extremely high and abnormal interest rates and terms.

The HUD 1 disbursements were fraud in fact and did comport with the obvious reality of the closing amounts and Luis was blind to them. Brokers and Bank loan officers had a duty to explain the fees and payments. There were obvious constructive notice of the outrageous irregularities and illegalities apparent to all with the exception Plaintiff. The attorney willfully blinded herself along with the closing agent to the obvious illegalities in the transaction. As agents for the title company they acted in a wonton disregard

for the rights of the plaintiff and are subject to the damages claimed in this matter.

WHEREFORE, Luis Poblete requests this court award him $500,000.00 Compensatory damages, and $5,000,000.00 in punitive damages and cost and attorney fees in the amount of 25% and other fees and further relief as the nature of this case may require

Respectfully submitted

William S. Bach, Esquire
717 D Street, N.W.
Suite 400
Washington D.C. 20004
301-737-2930 Bar #448392
Attorney for plaintiff



LUIS IVAN POBLETE
4130 16TH STREET NW
WASHINGTON DC 20011

7007 3020 0001 3466 0993

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

CERTIFIED MAIL

7007 3020 0001 3466 0993

UNITED STATES POSTAL SERVICE

0000

32878

U.S. POSTAGE
PAID
WASHINGTON.DC
20011
OCT 20.'08
AMOUNT
$6.07
00081585-07

OCWEN LOAN SERVICING
P.O. BOX 785056
ORLANDO FLORIDA 32878

328788056 3093